IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | ) | |
|---|---|---|
| Plaintiff, | ) | NO. CR 11-50174-TUC-RCC (BPV) |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| Jose Aguilar-Martinez, | ) | |
| Defendant. | ) | |

On July 21, 2011, a Petition to Revoke Supervised Release was filed alleging the defendant violated his supervised release when he committed "another federal state or local crime" by violating 8 U.S.C. § 1326. (Doc. 4) Evidence supporting the alleged violation consists of records confirming the Defendant's deportation on May 5, 2011, and records verifying he entered, attempted to enter, or was found in the United States without authorization on May 18, 2011, when he was arrested by immigration officials near Why, Arizona.[1] (*Id.*)

On August 16, 2011, Defendant filed a motion to dismiss the petition to revoke supervised release, pursuant to the Due Process Clause of the Fifth Amendment, as well as 18 U.S.C. §§ 3583 and 3603. (Doc. 9) The Government did not file a response in opposition. A supplemental exhibit was filed on September 23, 2011. (Doc. 13)

The matter came on for hearing before the Court on September 26, 2011. The Court,

---

[1]Defendant has since entered a plea and been found guilty of illegal re-entry after deportation in CR 11-2100-TUC-RCC.

having considered the briefing and arguments of the parties, recommends that the District Judge, after independent review and consideration, enter an order **DENYING** Defendant's Motion to Dismiss.

## **FACTS**

The facts are essentially uncontested. Defendant Aguilar-Martinez was convicted in United States District Court for the District of Wyoming on September 8, 2010 of illegal re-entry of a previously deported alien, a violation of 8 U.S.C. § 1326(a)(1) and (2). The court imposed a term of imprisonment of twelve (12) months and one (day). The amended judgment issued by the Court imposed the following conditional term regarding supervised release: "Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years, **if not immediately deported**." *Id*. at 3. The amended judgment further advised Defendant that while on supervised release "the defendant shall not commit another federal, state or local crime."

Upon release from custody on May 3, 2011, the parties agreed during the evidentiary hearing that Defendant was immediately deported on May 5, 2011.

Unlike the judgment, the transcript of the proceedings was unequivocal. The District Court stated that "[O]n release from imprisonment, you **shall be** placed on supervised release for a term of three years." (Reporter's Transcript, Sentencing Proceedings District of Wyoming, 9/8/2010, at 9) Defendant was further advised that "on supervised release you shall abide by these conditions: You shall not commit any other crimes, federal, state or local." (*Id*.)

## **DISCUSSION**

Defendant contends that if it was the intent of the District Court to consider Defendant on supervised release under the present circumstances, holding him to answer based on the conditional, ambiguously worded judgment would violate his right to due process and the statutory requirements of 18 U.S.C. §§ 3583 and 3603.

Defendant received oral notice of the conditions of his supervised release at his sentencing hearing. Such notice is sufficient for purposes of the statutory requirements of 18

U.S.C. §§ 3583(f) and 3603(1). *See United States v. Ortega-Brito*, 311 F.3d 1136 (9th Cir. 2002); *See also United States v. Tapia-Marquez*, 361 F.3d 535, 536 (9th Cir. 2004); *United States v. Botello-Quinones*, 2007 WL 9741110 (D.Ariz) (unpublished disposition); *United States v. Meneely*, 2007 WL 1470962 (S.D. Cal.)

Furthermore, the oral pronouncement is unambiguous and it is the oral pronouncement at sentencing that controls the disposition of this matter. *See United States v. Allen*, 157 F.3d 661, 668 (9th Cir. 1998) ("In cases where there is a direct conflict between an unambiguous oral pronouncement of sentence and the written judgment and commitment, this [c]ourt has uniformly held that the oral pronouncement, as correctly reported, must control. The only sentence that is legally cognizable is the actual oral pronouncement in the presence of the defendant.")(citing *United States v. Hicks*, 997 F.2d 594, 597 (9th Cir.1993)(quoting *United States v. Munoz-Dela Rosa*, 495 F.2d 253, 256 (9th Cir.1974))).

Accordingly, the Magistrate Judge concludes that there was no due process violation because Defendant received actual notice orally that he would be placed on supervised release, and that he received actual notice that one of the conditions of the term of supervised release was that he not violate any federal, state or local law.

## RECOMMENDATION

The Magistrate Judge recommends the District Court, after independent review, DENY Defendant's Motion to Dismiss Petition to Revoke Supervised Release. (Doc. 9).

Pursuant to Federal Rule of Criminal Procedure 59(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. The parties are advised that any objections filed are to be identified with the following case number: **CR 11-50174-TUC-RCC**.

DATED this 6th day of December, 2011.

*/s/ Glenda E. Edmonds*
Glenda E. Edmonds
United States Magistrate Judge